IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 08-00160 SOM |
| Plaintiff, | ORDER GRANTING DEFENDANT STUART MERKEL'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE |
| vs. | |
| STUART JAMES MERKEL, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT STUART MERKEL'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

I.      INTRODUCTION.

On June 19, 2008, Defendant Stuart James Merkel pled guilty to conspiring to distribute and possess with intent to distribute methamphetamine.  ECF No. 59.  This court originally sentenced him to 127 months in prison, ECF No. 75, but later reduced his sentence to 120 months in keeping with a retroactive sentencing guideline amendment, ECF No. 114.

After completing his prison term, Merkel began his five-year sentence of supervised release on May 4, 2016.  ECF No. 159 (sealed), PageID # 689.  On February 10, 2020, this court revoked his release status and sentenced him to five months of imprisonment and 55 months of supervised release, finding that he had violated multiple conditions of his release.  ECF No. 125. After completing his term of imprisonment for the supervision violations, he began his second term of supervised release on

July 2, 2020.  ECF No. 159 (sealed), PageID # 689.  On March 13, 2023, Merkel admitted to violations of his release conditions.  ECF No. 135.  This court once again sentenced him to prison, this time seven months of imprisonment and no supervised release.  *Id*.

A few months into his seven-month prison term, Merkel moved for compassionate release on the ground that he was needed to care for his ailing mother.  ECF No. 139.  The court denied the motion, ruling that the record was insufficient to support the request.  ECF No. 149.  Merkel has now filed a second compassionate release motion.  ECF No. 155.

The second motion, like the first one, turns on whether Merkel's presence is necessary to aid in his mother's care.  Merkel provides more detail than he did in his first motion and informs the court of major changes in the ability of Veronica Medeiros, Mr. Merkel's longtime partner, to continue to serve as the primary caretaker for Merkel's mother.  ECF No. 139.  In his first compassionate release motion, Merkel explained the toll that caring for his mother has had on Ms. Medeiros.  *Id*.  Since then, new complications have arisen.  In May, Ms. Medeiros began caring for her infant grandchild, a six-week-old baby with extraordinary medical needs.  ECF No. 156-4 (sealed).  In addition to the duties inherent in raising an infant, Ms. Medeiros is dealing with the infant's serious medical needs and with the monitoring by social services agencies of the infant's

care. ECF No. 156-1 (sealed), PageID # 637-38. This is in addition to her ongoing responsibilities as the primary caregiver for an older grandchild, ECF No. 156 (sealed), PageID # 626, and her job, which she is now resuming on a part-time basis, ECF No. 162 (sealed), PageID # 709.

The other new information included in Merkel's second motion is that the only available treatment for one of his mother's conditions is radiation therapy, not available on the neighbor island she lives on. ECF No. 162 (sealed), PageID # 710. The record is sparse with respect to the radiation therapy protocol, but someone would need to accompany Merkel's mother to O'ahu, assuming radiation is medically prescribed and available. At this point, absent Merkel's release, no one has been identified as able to do that. ECF No. 162 (sealed), PageID # 711.

II.     **MANY QUESTIONS REMAIN.**

The court has previously addressed exhaustion and the requirements for granting compassionate release and incorporates here the discussion in its denial of Merkel's first compassionate release motion of the law and facts applicable to this case. ECF No. 149.

Merkel argues that the court can grant his motion even if he does not prove that his mother's survival depends on his early release. ECF No. 156 (sealed), PageID # 624-25. That is

3

true.  That being said, Merkel *does* need to demonstrate that the circumstances surrounding his mother's situation are sufficiently extraordinary and compelling to warrant compassionate release. 18 U.S.C. § 3582(c).  On the current record, the court continues to have questions about many of the circumstances.  For example, it is unclear how many in-person medical appointments Merkel's mother has had since May 1, 2023.  Some of the medical notations submitted by Merkel refer to "Patient Outreach," "Patient Navigator," and a prescription refill, and it may be that those notations do not involve in-person office visits.  Nor can the court tell the extent of any stipend or other financial benefits Ms. Medeiros may receive in connection with caring for her infant grandson, or whether the infant grandson's other relatives might assist in his care.  The references to Merkel's mother's possible radiation treatment, available on O'ahu but not on the neighbor island she lives on, are particularly skeletal, verging into speculative.  It is unclear, for example, whether Merkel's mother would stay in a hospital overnight, and, if so, where the person traveling with her would stay (and whether the companion's accommodation costs would be covered by insurance).  And when such treatment might occur is unknown.  For all the court knows, radiation treatment, even if prescribed, would not be available until after Merkel's presently scheduled release date.

**III.      EVEN WITH THE COURT'S REMAINING QUESTIONS, THE COURT GRANTS RELEASE.**

Notwithstanding the court's questions, the information currently in the record causes this court to grant Merkel's motion. Satisfaction of the exhaustion requirement is not in issue. The stresses of caregiving and the unavailability of sufficient support are clear on the record. This is so without regard to the answers to the questions the court has listed. In short, the court finds that Merkel now establishes extraordinary and compelling reasons warranting compassionate release. Release is consistent with the proposed amendments to the sentencing guideline policy statements, discussed by this court in its earlier order. See ECF No. 149, PageID # 539. Merkel has now provided more information about his mother's condition. This court earlier noted that its consideration of the factors set forth in 18 U.S.C. § 3553(a) (including the time Merkel has served on his sentence) would likely be affected by how compelling a case Merkel made for release. See id. at PageID # 542. On his second motion, Merkel has made a case sufficiently compelling to cause this court to order him released after considering the 18 U.S.C. § 3553(a) factors to the extent applicable. Among other things, he has presented more of a release plan than he did previously.

The court orders Merkel's prison sentence reduced to time served plus two days, to be followed by a term of supervised

5

release lasting through October 5, 2023, which was his originally scheduled date of release from prison.  *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the imposition of a term of supervised release "that does not exceed the unserved portion of the original term of imprisonment").

While on supervised release, Merkel must follow all of the following conditions:

Mandatory

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

Standard

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.

5. You must live at a place approved by the probation officer. If you plan to change where you live or who

       lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of

|     | |
| --- | --- |
|     | causing bodily injury or death to another person, such as nunchakus or tasers). |
| 11. | You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court. |
| 12. | If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk. |
| 13. | You must follow the instructions of the probation officer related to the conditions of supervision. |

<u>Special</u>

|     | |
| --- | --- |
| 1.  | You will be monitored by Global Positioning Satellite (GPS) for the remainder of the length of your term of supervised release, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer. You shall earn leave as determined by the probation officer. You must pay the costs of the program, as directed by the probation officer. |
| 2.  | You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity). |
| 3.  | As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing |

>       to determine if you have used a prohibited substance. You
>       must not attempt to obstruct or tamper with the testing
>       methods.
>
> 4.    You must participate in an outpatient mental health
>       treatment program and follow the rules and regulations of
>       that program. The probation officer, in consultation with
>       the treatment provider, will supervise your participation
>       in the program (such as provider, location, modality,
>       duration, and intensity). You must take all mental health
>       medications, including psychotropic medications, that are
>       prescribed by your treating physician.
>
> 5.    You must provide the probation officer access to any
>       requested financial information and authorize the release
>       of any financial information. The probation office may
>       share financial information with the U.S. Attorney's
>       Office.
>
> 6.    You must submit your person, property, house, residence,
>       vehicle, papers, or office, to a search conducted by a
>       United States Probation Officer. Failure to submit to a
>       search may be grounds for revocation of release. You must
>       warn any other occupants that the premises may be subject
>       to searches pursuant to this condition. The probation
>       officer may conduct a search under this condition only
>       when reasonable suspicion exists that you have violated a
>       condition of supervision and that the areas to be
>       searched contain evidence of this violation. Any search
>       must be conducted at a reasonable time and in a
>       reasonable manner.

The court asks the Federal Detention Center in Honolulu to arrange for Merkel's release no later than noon on a working day (i.e. by noon on July 14, 2023).

Upon his release, Merkel is ordered to report immediately to the United States Probation Office in this district so that location monitoring equipment can be installed before he flies from Honolulu to his home on the island of Kauai.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Stuart James Merkel*, Cr. No. 08-00160 SOM; ORDER GRANTING DEFENDANT STUART MERKEL'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE.